IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAMONT GEIGER,                          :
                                        :
                    Plaintiff,          :
                                        :
        v.                              :        CIVIL ACTION NO. 22-2458
                                        :
POLICE OFFICER                          :
TYLER CONROY, *et al.*,                 :
                                        :
                    Defendants.         :

MEMORANDUM

SMITH, J.                                               SEPTEMBER 29, 2022

Plaintiff Lamont Geiger, a pretrial detainee incarcerated at Philadelphia Industrial Correctional Center ("PICC"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, for constitutional violations arising from his arrest and prosecution on drug and related firearm charges. Currently before the Court are Geiger's Complaint (ECF No. 3), his Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), and his Prisoner Trust Fund Account Statement (ECF No. 2). For the following reasons, the Court will grant Geiger leave to proceed *in forma pauperis* and dismiss with prejudice his concealment claim brought pursuant to 18 U.S.C. § 2071 and his request for a declaratory judgment. Geiger's malicious prosecution claim and his request to be released from custody will be dismissed without prejudice. Geiger's official capacity claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The remainder of Geiger's § 1983 claims, except for his excessive force claims against Defendants Mawson and A. McChord, will be stayed pursuant to *Younger v. Harris*, 401

U.S. 37 (1971).  Geiger will be permitted to proceed on his excessive force claims against Defendants Donald Mawson and Alexander McChord at this time.

## I.    FACTUAL ALLEGATIONS[1]

On July 9, 2019, Geiger was charged via information with various drug and firearm charges[2] stemming from an offense date of June 15, 2019.  *See Commonwealth v. Geiger*, CP-51-CR-0004718-2019 (C.P. Phila.); *Commonwealth v. Geiger*, MC-51-CR-0015961-2019 (M.C. Phila.); (*see also* Compl. (ECF No. 3) at 1, 5-6.)[3]  The public docket in Geiger's underlying criminal case reflects that Geiger is still awaiting trial in the Court of Common Pleas of Philadelphia County on these charges with a jury trial date currently set for October 3, 2022.  *See Geiger*, CP-51-CR-0004718-2019.

Geiger brings this civil rights action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights arising from allegations of misconduct and fabrication of evidence by members of the Philadelphia Police Department that resulted in his arrest and prosecution on these charges.  (Compl. at 2.)  In general, Geiger contends that the Defendants collectively "tampered with evidence and changed the scene."  (*Id.* at 8.) Geiger names the following Defendants:   Philadelphia Police Department Officers (1) Tyler Conroy, #2572; (2) Donald Mawson, #1322; (3) Alexander McChord, #6207; (4) Kathryn McChord, #1710; (5) Santiago, #7246; Philadelphia Police Detectives (6) Patrick Cavalieri, #665; (7) Kelly Gallagher, #901; (8) Hall, #915; and (9) Philadelphia Police Lieutenant Metellus, #406.

---

[1]  The factual allegations set forth in this Memorandum are taken from Geiger's Complaint (ECF No. 3), and public court dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2]  The charges against Geiger also include reckless endangerment and resisting arrest.

[3]  The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

(*Id.* at 3-4, 9-11.)  Geiger seeks to sue all Defendants in both their individual and official capacities. (*Id.*)

Geiger avers that on June 15, 2019, he was in front of his mother's residence talking to a friend on his cell phone when he noticed Officer Conroy pull up and park his police vehicle.  (*Id.* at 5.)  Geiger put his cell phone away, got on his bicycle, and drove past Conroy who stated that "he wanted to stop [Geiger] for motor vehicle code violation because [Geiger] was traveling [westbound] on bicycle."  (*Id.*)  Geiger rode to "23rd Dickinson then went in route southbound traveling to Tasker Street."  (*Id.*)  Geiger rode on the sidewalk "to avoid cars" until he encountered Officer Mawson, who was also on a bicycle.  (*Id.*)  Mawson "scream[ed] stop stop" and Geiger stopped his bike.  (*Id.*)  Mawson ran his bike into Geiger, causing Geiger to hit the ground, and Geiger alleges he was "attacked by officers" while he was on the ground.  (*Id.*)  Specifically, Geiger asserts that Officer Alexander McChord ("A. McChord") kicked him while he was on the ground even though he was not resisting arrest.  (*Id.*)  Geiger avers that his face was bruised and bloodied as a result of the incident, and he has since developed a scar near his right eye.  (*Id.* at 5-6.)

Geiger was handcuffed by A. McChord and "pushed" towards the police vehicle.  (*Id.* at 6.)  Officer Santiago conducted a pat down search of Geiger which revealed cocaine, $585 in cash, and Geiger's cell phone.  (*Id.*)  Geiger was escorted to a hospital before he was transported to the police station, placed in a holding cell, and charged with possession of narcotics.  (*Id.*)  Geiger asserts that he was questioned by Detectives Troccoli and Gallagher "who [made] up a fake story" about having "a doorbell camera" depicting Geiger on the street "handling a firearm."  (*Id.*)  Geiger was subsequently shown pictures taken on June 15, 2019 that depicted a firearm found on the inside of a bulldozer wheel.  (*Id.* at 7.)  Geiger's remaining allegations identify multiple instances

of what he contends are acts of police misconduct, including assertions that the pictures taken were "switched with another crime scene," "the police tampered with evidence and changed the scene," and "fake pictures" were entered into evidence because the date and time stamp of the pictures do not match. (*Id.* at 8.)

Based on these allegations, Geiger alleges that the Defendants have violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at 9-11.) Geiger asserts that the Defendants lacked probable cause, illegally obtained, concealed, and/or fabricated evidence, witnessed and failed to correct the continuation of police misconduct, and maliciously prosecuted him, causing him pain and suffering, emotional distress, and deliberate indifference. (*Id.*) Geiger also avers that Defendants Mawson and A. McChord used excessive force against him in violation of his Fourth Amendment rights. (*Id.* at 9, 12.) Geiger contends that his Sixth and Fourteenth Amendment due process rights were violated because there is no complainant or witnesses to the events in question. (*Id.* at 12.) He asserts that his Eighth Amendment rights were violated because he "has no bail." (*Id.*) Finally, Geiger asserts that falsifying evidence is a "deliberate indifference" violation, depriving him of due process guaranteed by the Constitution. (*Id.*) Geiger seeks "declaratory and injunctive relief" including release from the custody of the police and PICC. (*Id.* at 13-14.) He also seeks compensatory damages, punitive damages, and costs. (*Id.* at 14.)

## II.   STANDARD OF REVIEW

The Court will grant Geiger leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]   Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint

---

[4]   However, as Geiger is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As Geiger is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to

. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

A.      **Official Capacity Claims**

Geiger asserts claims against the Defendants in their official as well as individual capacities.  (Compl. at 3-4.)  Official capacity claims against the Defendants are indistinguishable from claims against the entity that employs the officials, in this case the City of Philadelphia.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state an official capacity/municipal liability claim, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).   "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, the Defendant must have

"had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker."[5] *McTernan*, 564 F.3d at 658; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1191 (3d Cir. 1995) (to establish municipal liability, the plaintiffs "must show that a policymaker for the Township authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence").

 Geiger makes no allegations regarding a specific custom or policy by which official capacity claims may be maintained, and he fails to allege that any policy or custom of the City caused the constitutional violations he describes in his Complaint. Rather than delay service of the Complaint on Geiger's excessive force claims (*see infra*, Section III.B.), the Court will dismiss the official capacity claims without prejudice on screening and consider granting Geiger leave to file an amended complaint should he chose to pursue official capacity claims.

B.    **Excessive Force Claims**

The Court understands Geiger to be asserting constitutional claims based on the use of excessive force against him by certain Defendants. Excessive force claims arising in the context of an arrest are analyzed as invoking the protections of the Fourth Amendment and a defendant's conduct is analyzed under an objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Curley v. Klem,* 499 F.3d 199, 206 (3d Cir. 2007). In *Groman v. Twp. of Manalapan*, 47 F.3d 628 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit explained the elements of an excessive force claim occurring during an arrest:

---

[5] A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person. *Graham* [] 490 U.S. [at 394-95]. A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution. *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990). Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force. *Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir.1988).

When a police officer uses force to effectuate an arrest that force must be reasonable. *Graham*, 490 U.S. at 396. The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving." *Id.* at 397.

*Groman* at 633-34. As Geiger makes factual allegations that Defendants Mawson and A. McChord used an unreasonable amount of force against him, including knocking him down and kicking him until his face was bruised and bloodied (*see* Compl. at 5), the claims against these Defendants in their individual capacities will be served for a responsive pleading. However, because Geiger fails to allege that the remaining Defendants used excessive force during the incident, any claims of excessive force against those Defendants cannot proceed. *Dooley*, 957 F.3d at 374; *Rode*, 845 F.2d 1207.

### C.    Malicious Prosecution Claims

Geiger alleges that he has been falsely charged and maliciously prosecuted. (*See* Compl. at 2, 9-11.) To allege a plausible malicious prosecution claim under section 1983, a plaintiff must asserts facts that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5)

8

the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Geiger's claim is not cognizable in a civil rights action because he has not alleged that the criminal proceedings have terminated in his favor.  Indeed, trial is currently set to commence during the week of October 3, 2022.  *See Commonwealth v. Geiger*, CP-51-CR-0004718-2019 (C.P. Phila.).  Accordingly, Geiger cannot state a claim for malicious prosecution at this time. However, the Court will dismiss Geiger's malicious prosecution claim without prejudice so that he is not precluded from reasserting it if the charges terminate in his favor.  In other words, in the event the criminal proceedings are resolved in his favor, Geiger may file a new case raising this claim.

### D.      Criminal Concealment Claims Pursuant to 18 U.S.C. § 2071

Geiger asserts claims pursuant to 18 U.S.C. § 2071 (*see* Compl. at 2, 9-11, 14), which criminalizes unlawful concealment, removal, or destruction of federal judicial records.  Criminal statutes, however, do not provide a basis for civil liability.  *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *Black v. Sciver*, No. 16-841, 2016 WL 4594981, at *4 (E.D. Cal. Sept. 2, 2016) (noting that plaintiff could not bring a civil action pursuant to 18 U.S.C. § 2071).  Accordingly, any claims brought pursuant to 18 U.S.C. § 2071 will be dismissed with prejudice.

### E.      Claims Seeking Release from Prison

Geiger seeks, in part, to be released from custody.  (*See* Compl. at 14.)  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, this claim is dismissed without prejudice to Geiger filing a *habeas* petition seeking this relief.

### F.   Declaratory Judgment Claims

Geiger does not specify the nature of the declaratory relief that he seeks, but it appears he may seek a declaration that the Defendants violated his constitutional rights.[6] (*See* Compl. at 13.) This request for relief is improper and will be dismissed with prejudice. Declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

---

[6] To the extent the declaratory relief sought by Geiger is his release from custody, such relief is only available through a writ of *habeas corpus*. *See Preiser*, 411 U.S. at 500; *supra*, Section III.E.).

### G.    Remaining Section 1983 Claims

Geiger alleges that the actions Defendants have taken in prosecuting him have violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments because the Defendants have illegally obtained, concealed, and/or fabricated evidence.  (Compl. at 9-11.)  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*).  "*Younger* abstention is only appropriate in three types of underlying state cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).  Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54.  These exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142,

*2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case.  First, the publicly available docket from the Court of Common Pleas of Philadelphia County clearly indicates that criminal proceedings against Geiger charging him with drug and firearm offenses are currently pending, with a trial date currently set for October 3, 2022.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the criminal proceedings provide Geiger an adequate opportunity to argue in the state forum that the alleged misconduct by members of the Philadelphia Police Department resulted in his arrest and prosecution in a manner that violates his constitutional rights.[7]  Further, there is nothing in the Complaint to indicate that Geiger's claims fall within any of the narrow exceptions to the *Younger* doctrine.  Accordingly, it is appropriate to abstain from entertaining Geiger's remaining claims out of deference to the state judicial process.[8]  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the

---

[7] This Court may assume that the state procedures will afford Geiger an adequate remedy.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

[8] To the extent Geiger asserts a claim pursuant to 42 U.S.C. §§ 1985 (*see* Compl. at 21), any such claim is also subject to *Younger* abstention.  *See e.g.*, *Meador v. Paulson*, 385 F App'x 613 (8th Cir. 2010) (concluding that district court did not abuse its discretion in abstaining from resolving claims against a state prosecutor and state court judge pursuant to § 1985 under *Younger*); *Streater v. Paulson*, 217 F.3d 846 (9th Cir. 2000) (affirming district's application of *Younger* to state prisoner's claims under §§ 1985, 1986); *Brandy Found. Animal Sanctuary v. San Bernardino Cty.*, No. 08-02292, 2008 WL 11409512, at *3-*4 (C.D. Cal. June 20, 2008) (ordering a stay, on *Younger* abstention grounds, of the portions of the plaintiffs' § 1983 claims that concerned search and seizure, § 1985 conspiracy claims, and civil RICO claims, on the grounds that all of these claims were likely to interfere with ongoing criminal prosecutions).

stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477, 486-87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (citations omitted)); *see also Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Geiger leave to proceed *in forma pauperis*. Geiger's concealment claim brought pursuant to 18 U.S.C. § 2071 and his request for a declaratory judgment will be dismissed with prejudice because neither is plausible.  Further, the Court concludes that amendment of these claims would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").  Geiger's malicious prosecution claim will be dismissed without prejudice for failure to state a claim, and Geiger may reassert this claim in a new civil action in the event the pending charges ultimately terminate in his favor.  With respect to Geiger's claim seeking release from custody, this claim will be dismissed without prejudice to him filing a *habeas corpus* petition.  Geiger's official capacity claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The remainder of Geiger's § 1983 claims, except for his excessive force claims against Defendants Mawson and A. McChord, are stayed pursuant to *Younger*.[9] Geiger may move to reopen those claims following resolution of his state court criminal case

---

[9]  *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings.  We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

pending at *Commonwealth v. Geiger*, CP-51-CR-0004718-2019 (C.P. Phila.).[10]   Geiger's

excessive force claims against Defendants Mawson and A. McChord will be served for a

responsive pleading at this time.

      An appropriate Order follows.

                        BY THE COURT:


                        */s/ Edward G. Smith*\_\_ \_
                        EDWARD G. SMITH, J.

---

[10]  Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claims suffer from any additional deficiencies.