IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT GEIGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-2458 |
| | : | |
| POLICE OFFICER | : | |
| TYLER CONROY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this 29th day of September, 2022, upon consideration of Lamont Geiger's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), Prisoner Trust Fund Account Statement (ECF No. 2), and *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Lamont Geiger, #753715, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Philadelphia Industrial Correctional Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Geiger's inmate account; or (b) the average monthly balance in Geiger's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Geiger's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Geiger's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Philadelphia Industrial Correctional Center.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

   a. Geiger's claims brought pursuant to 18 U.S.C. § 2071 and his request for a declaratory judgment are **DISMISSED WITH PREJUDICE**.

   b. Geiger's official capacity claims are **DISMISSED WITHOUT PREJUDICE** at this time.

   c. Geiger's claim seeking release from prison is **DISMISSED WITHOUT PREJUDICE** to him proceeding on a petition for a writ of *habeas corpus*.

   d. Geiger's malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**.  Geiger may reassert this claim in a new civil action in the event the pending charges ultimately terminate in his favor.

6. Geiger's remaining claims brought pursuant to 42 U.S.C. §§ 1983 and 1985, except for his excessive force claims against Defendants Donald Mawson and Alexander McChord, are **STAYED**, pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) until Geiger informs the Court that his state court criminal case, *Commonwealth v. Geiger*, CP-51-CR-0004718-2019 (C.P. Phila.), has been resolved.  Following resolution of his criminal case, Geiger may file a motion to reassert those claims.

7.	The Clerk of Court shall issue summonses directed to Police Officer Donald Mawson, Badge No. 1322, and Police Officer Alexander McChord, Badge No. 6207, only. Service of the summonses and the Complaint shall be made upon these Defendants by the U.S. Marshals Service. Geiger will be required to complete USM-285 forms so that the Marshals can serve these Defendants. Failure to complete those forms may result in dismissal of this case.

8.	All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

9.	Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Geiger is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

10.	Geiger is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the

parties, after reasonable effort, are unable to resolve the dispute." Geiger shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

12. In the event a summons is returned unexecuted, it is Geiger's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

13. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

*Edward G. Smith*
EDWARD G. SMITH, J.