IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT GEIGER, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 22-2458 |
| : | |
| v. : | |
| : | |
| POLICE OFFICER TYLER CONROY, : | |
| BADGE #2572; POLICE OFFICER : | |
| DONALD MAWSON, BADGE # 1322; : | |
| POLICE OFFICER ALEXANDER : | |
| MCCHORD, BADGE # 6207; POLICE : | |
| OFFICER KATHRYN MCCHORD, : | |
| BADGE # 1710; POLICE OFFICER : | |
| SANTIAGO, BADGE # 7246; : | |
| DETECTIVE, BADGE # 665; : | |
| DETECTIVE KELLY GALLOGHER, : | |
| BADGE # 901; DETECTIVE HALL, : | |
| BADGE # 915; and LT. METELLUS, : | |
| BADGE # 406, : | |
| : | |
| Defendants. : | |

## **ORDER**

**AND NOW**, this 20th day of March, 2023, after considering the following documents filed by the *pro se* plaintiff, Lamont Geiger ("Geiger"): (1) the complaint (Doc. No. 2); (2) his declaration for entry of default (Doc. No. 16); (3) his motion to appoint counsel (Doc. No. 17); (4) his proposed amended complaint docketed on December 21, 2022 (Doc. No. 18); (5) his motion for leave to file an amended complaint (Doc. No. 19); (6) his proposed amended complaint docketed on December 29, 2022 (Doc. No. 20); (7) his exhibit separately docketed on January 19, 2023 (Doc. No. 22); and (8) his letter docketed on March 7, 2023 (Doc. No. 23); and after also considering (1) the court's memorandum opinion and order entered on September 29, 2022 (Doc. Nos. 7, 8); (2) the United States Marshal's return of service as to Officer Donald Mawson and return of no service as to Officer Alexander McChord (Doc. Nos. 12, 13); (3) the answer and

affirmative defenses to the complaint filed by defendant Officer Donald Mawson (Doc. No. 15); and (4) Officer Donald Mawson's response of non-opposition to Geiger's motion for leave to file an amended complaint (Doc. No. 21); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Geiger's motion for leave to file an amended complaint (Doc. No. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **GRANTED** insofar as Geiger seeks to assert claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and illegal search under the Fourth Amendment against the defendants, Officer Tyler Conroy, Officer Donald Mawson, Officer Catherine (or Katherine) McChord, Officer Alexander McChord, Officer Santiago, Officer Kelly Gallagher, Lt. Metellus, Detective Cavalieri, and Detective Hall;[1]

    b. The motion is **GRANTED** insofar as Geiger seeks to assert a supervisory liability claim under 42 U.S.C. § 1983 against defendant Officer Kelly Gallagher;[2]

    c. The motion is **DENIED WITH PREJUDICE** to the extent that Geiger seeks to assert any claims under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) against Judge Donna Woelpper;

    d. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert any non-conspiracy claims under 42 U.S.C. § 1983 against the defendants, John Doe #2, Grisham Cooney, Keith Hadsell, and Kevin Yao;

---

[1] By granting this part of the motion, the court is **not** stating that Geiger has alleged plausible claims for false arrest, false imprisonment, or illegal search in violation of the Fourth Amendment.

[2] By granting this part of the motion, the court is **not** stating that Geiger has alleged a plausible claim for supervisory liability against Officer Kelly Gallagher and, as explained in the separately filed memorandum opinion, any potentially plausible claim is dependent on Officer Kelly Gallagher having obtained Geiger's DNA during the event described in Geiger's amended complaint (Doc. No. 18) which allegedly occurred on approximately June 24, 2021. *See* Doc. No. 18 at ECF p. 9.

  e. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert claims under 42 U.S.C. § 1983 for excessive force under the Fourth Amendment against the defendants, Officer Donald Mawson, Officer Alexander McChord, and Officer Catherine (or Katherine) McChord;

  f. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert claims under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, whether under the Fourth or Fourteenth Amendments, against any currently named defendant based on conduct that occurred in June 2019;

  g. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert claims under 42 U.S.C. § 1983 for failure to intervene under the Fourth or Fourteenth Amendments against Officer Donald Mawson;

  h. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert claims under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) for perjury against the defendants, Officer Tyler Conroy, Officer Donald Mawson, Officer Catherine (or Katherine) McChord, Officer Alexander McChord, and Officer Santiago for any testimony they provided in pretrial proceedings in his criminal case (Nos. MC-51-CR-15961-2019 (Philadelphia Mun. Ct.), CP-51-CR-4718-2019 (Philadelphia Ct. Com. Pl.);

  i. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert any claims under 42 U.S.C. § 1983 against "Commissioner of Police John Doe #1";

  j. The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert any official capacity claims against the defendants named in the amended complaint (Doc. No. 18);

3

      k.      The motion is **DENIED WITH PREJUDICE** to the extent Geiger seeks to assert any claim for civil liability against any defendant for that defendant's purported violation of 18 U.S.C. § 241 or any other federal criminal statute;

      l.      The motion is **DENIED WITHOUT PREJUDICE** to the extent that Geiger seeks to assert any claims under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) for conspiracies based on causes of action such as false arrest, false imprisonment, illegal search, malicious prosecution, or fabrication of evidence; and

      m.      The motion is **DENIED WITHOUT PREJUDICE** to the extent that Geiger seeks to assert claims under 42 U.S.C. § 1983 for malicious prosecution and for fabricating evidence under the Fourth Amendment;

2.      Geiger's amended complaint docketed on December 21, 2022 (Doc. No. 18) shall **SERVE** as the operative amended complaint, as modified by this court's rulings on his motion for leave to amend;

3.      The clerk of court shall **STRIKE** the unauthorized additional amended complaint docketed on December 29, 2022 (Doc. No. 20);

4.      Geiger's claims for false arrest, false imprisonment, or illegal search, whether under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) are **STAYED** until Geiger's criminal case, No. CP-51-CR-4718-2019 (Philadelphia Ct. Com. Pl.) is resolved;

5.      Counsel for the defendant, Officer Donald Mawson, shall update the court on the status of Geiger's criminal case by filing a status report every **sixty (60) days** from the date of this order. In addition, should either party determine that any claim or claims remaining in this case may move forward or may otherwise be resolved, they shall promptly notify the court;

6.	Geiger's declaration/request for entry of default against Officer Alexander McChord (Doc. No. 16) is **STRICKEN WITH PREJUDICE**;

7.	Geiger's motion for appointment of counsel (Doc. No. 17) is **DENIED WITHOUT PREJUDICE**;

8.	The court's September 29, 2022 memorandum opinion and order (Doc. Nos. 7, 8) are **VACATED only** insofar as the court determined that Geiger's claims for excessive force against Officers Donald Mawson and Alexander McChord passed screening under 28 U.S.C. § 1915(e)(2). In all other respects, the court's September 29, 2022 memorandum opinion and order are unchanged and remain in full force and effect;

9.	Geiger's claims for excessive force against Officers Donald Mawson and Alexander McChord in his original complaint (Doc. No. 2) are **DISMISSED WITH PREJUDICE**; and

10.	The clerk of court shall **CLOSE** this case for statistical purposes.[3]

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] The court will reopen this case once the parties inform the court that Geiger's criminal case has concluded, and the causes of action stayed in this case may move forward or may otherwise be resolved.